## LEDGER ENTRIES COMPETENT EVIDENCE.

[Circuit Court of Lorain County.]

MARY W. BURR v. R. H. SHUTE.

Decided, October, 12, 1902.

*Book Accounts—Those of Original Entry Destroyed—Correctly Posted Ledger Then Competent—Motion for a New Trial—Evenly Balanced Testimony.*

1. Where a day book or memorandum book of original entries has been destroyed, and there is proof that the entries were correctly transferred to the ledger, such ledger is competent evidence as to an account contained therein.

2. In a case where the evidence is so evenly balanced that a reviewing court would hesitate to disturb a verdict were it returned for either party, it is not error to overrule a motion for a new trial, asked on the ground that the verdict was against the weight of the evidence.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

The case of Burr v. Shute, error to the court of common pleas. The defendant in error, Shute, obtained a judgment against the plaintiff in error in the court of common pleas for a small amount, for goods sold and delivered to the plaintiff by the defendant.

The case was first tried before the justice of the peace, and an attempted appeal to the common pleas court by the defendant in error, the judgment of the justice of the peace being in favor of the plaintiff in error.

The first error assigned is that there was really no judgment in the justice court, and, therefore, nothing to sustain an appeal. We intimated to counsel on the hearing that we thought that judgment was good, and we have no doubt that the judgment, although irregular, was sufficient to determine the rights of the parties.

And second, that the court erred in admitting a certain book in evidence.

Shute owns a meat market, and the cause of action stated in the petition was on an account for meat sold by the defendant in error to plaintiff in error.

The book offered was a ledger.   Some of the meat was sold from a meat wagon that was driven about the country by an agent of Shute, who made memorandums of the sales in a little book which he returned to the shop.   Some of the meat was sold from the shop, if we believe the defendant in error's statement, and that was charged in a day book.   Both of those books of original entry were posted by the book-keeper, Boynton, into the ledger.   It is shown in evidence that these two books of original entries are destroyed.

The proof is, that the transcript from these books to the ledger was correctly made, both as to the property sold and the amount and the price.

We see no reason why the book was not competent.   If the books of original entry were destroyed, and there was a correct copy of them, such copy was proper evidence.

And secondly it is said the verdict of the jury was not sustained by sufficient evidence.

There was evidence tending to show that there was dealing between the plaintiff and defendant, and tending to establish the claim of the defendant in error.   It was sharply met by testimony and evidence on the part of the plaintiff in error; but the evidence is not such as would authorize a reviewing court to reverse the judgment of the lower court on the weight of the evidence.

Had the verdict been for either party we would not disturb it.   That is saying that the court did not err in refusing the motion for a new trial because the verdict was not supported by sufficient evidence, and the judgment will be affirmed.

*I. A. Webster*, for plaintiff in error.

*F. Rudin*, for defendant in error.